UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| CHRISTOPHER COX, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> The CITY OF CALHOUN, and ) <br> LEONARD NESBITT, PAUL WORLEY, ) <br> and TERRY MILLS, in their ) <br> Official and Individual Capacities, ) <br> ) <br> Defendants. ) | Case No: _____ <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW, Christopher Cox, Plaintiff in the above-styled action, and states his Complaint against The City of Calhoun, Lenord Nesbitt, Paul Worley, and Terry Mills, in their Official and Individual Capacities, as follows:

## PRELIMINARY STATEMENT

1. This is an employment discrimination and retaliation suit brought by a former employee of the City of Calhoun Fire Department, who was retaliated against for reporting a complaint of serious sexual misconduct occurring at the Fire Department and other City property toward a 17-year old female high school student by a senior Fire Department leader. Plaintiff raised concerns about abuse of authority, misuse of city property and resources, and criminal requests for child pornography by a City leader, and thus Plaintiff was a whistleblower pursuant to the Georgia Whistleblower Act, O.C.G.A. § 45-1-4. Plaintiff accordingly brings claims against Defendants pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the United States Constitution under 42 U.S.C. § 1983, and the Georgia Whistleblower Act, O.C.G.A. § 45-1-4.

1

## **PARTIES**

2. Plaintiff is and was at all times relevant to the Complaint a citizen and resident of City of Dalton, Georgia, and an employee of City of Calhoun, Georgia.

3. City of Calhoun is a public employer with a principal office located in Calhoun, Georgia. It can be served with process by serving the Honorable James Palmer, Mayor of the City of Calhoun, at 226 S. Wall Street, Calhoun, GA 30701. The City of Calhoun is subject to the personal jurisdiction of this Court.

4. City of Calhoun though its operations provides various fire prevention and firefighting services to its residents. Plaintiff was employed at the City of Calhoun's Fire Department facility located at 327 South Wall Street, Calhoun, Georgia 30701, from March 5, 2012, through December 12, 2022.

5. At all times relevant hereto, Defendant Leonard Nesbitt is the City of Calhoun Fire Department Chief and acted in concert with the other Defendants and under color of state law. He is sued both in his official and individual capacity. Upon information and belief, Defendant Chief Nesbitt is a citizen and resident of City of Calhoun, Georgia, and can be served with process at 103 Jones Road, Calhoun, Georgia 30701. Defendant Leonard Nesbitt is subject to the personal jurisdiction of this Court.

6. At all times relevant hereto, Defendant Paul Worley was the City of Calhoun City Administrator and acted in concert with the other Defendants and under color of state law. He is sued both in his official and individual capacity. Upon information and belief, Defendant City Administrator Worley is a citizen and resident of City of Calhoun, Georgia, and can be served with process at 190 Aspen Drive NE, Calhoun, Georgia 30701. Defendant Paul Worley is subject to the personal jurisdiction of this Court.

7. At all times relevant hereto, Defendant Terry Mills was the City of Calhoun Fire Department Deputy Chief and acted in concert with the other Defendants and under color of state law. He is sued both in his official and individual capacity. Upon information and belief, Defendant Deputy Chief Mills is a citizen and resident of Resaca, Georgia, and can be served with process at 985 Resaca Lafayette Rd NW, Resaca, Georgia 30735. Defendant Terry Mills is subject to the personal jurisdiction of this Court.

## JURISDICTION AND VENUE

8. Plaintiff realleges each allegation contained in paragraphs one through seven of this Complaint as if stated fully herein.

9. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq., the United States Constitution via 42 U.S.C. § 1983, and the Georgia Whistleblower Act, O.C.G.A. § 45-1-4.

10. This Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), (4). The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367, as such claims arise out of the same case or controversy as Plaintiff's Title VII claims and 42 U.S.C. § 1983 claims.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the employment practices and other conduct alleged to be unlawful occurred in the Northern District of Georgia.

## FACTUAL ALLEGATIONS

12. Plaintiff realleges each allegation contained in paragraphs one through eleven of this Complaint as if stated fully herein.

13. Plaintiff served as a firefighter for the City of Dalton for nearly seventeen years and had an exemplary record. He was promoted to Captain for the Ladder Truck and served in that capacity for approximately five years before he resigned from the City of Dalton Fire

Department in 2012.

14. Plaintiff joined the City of Calhoun Fire Department on March 5, 2012, as the Division Chief of Training. Plaintiff was an at-will employee of the City of Calhoun Fire Department.

15. Upon hire, Plaintiff was asked to read and acquaint himself with the City of Calhoun's Non-Harassment Policy. Plaintiff signed an Acknowledgement of Receipt of Anti-Harassment Policy on February 22, 2012, which included a provision on how concerns about sexual harassment should be raised to City personnel.

16. In his role with the Fire Department, Plaintiff was responsible for training fire department trainees on the duties of being a firefighter for the City of Calhoun, including firefighting and personal safety, public safety and standard operating procedure. He was also one of the task force leaders for the Search and Rescue Team and provided all training for this elite team.

17. The safety of City of Calhoun firefighters depends in large part on them following Fire Department procedure. Therefore, Plaintiff frequently emphasized the importance of following procedure in his training classes. Fire Department employees often came back to Plaintiff after years on the job to ask procedural questions and to ask for advice.

18. Additionally, a key aspect of the firefighter job is to deal with the public and businesses in the community on fire prevention and inspections. Therefore, Plaintiff would teach new firefighters how to interact with the public and how to behave in a professional and courteous manner when dealing with the citizens of City of Calhoun in their homes and businesses.

19. Unfortunately, several situations involving sexual misconduct by other Fire Department leaders arose during Plaintiff's tenure. Plaintiff believed he needed to voice his concerns about this conduct to Defendant Chief Nesbitt since he was the Fire Department Chief.

20. In approximately 2018, a business owner complained to the prior City Administrator about the

repeated harassment by Defendant Deputy Chief Mills toward a young female waitress employed by the business owner. The business owner and staff of the restaurant were so upset that they continued to complain when firefighters subsequently visited the restaurant.

21. Plaintiff was called by Battalion Chief Todd Holbert to help mediate the situation because Defendant Chief Nesbitt was out of town. At the request of Battalion Chief Holbert, Plaintiff and Battalion Chief Holbert met with the business owner about what the business owner alleged was frequent harassing conduct by Defendant Deputy Chief Mills and attempts to prey on the young women in his employment.

22. Plaintiff attempted to diffuse the situation and told the business owner he would immediately share this information with the Fire Department leaders to get the conduct to cease. Plaintiff immediately shared the complaint and additional documentary evidence provided by the business owner with Defendant Chief Nesbitt.

23. Plaintiff further commented to Defendant Chief Nesbitt and Defendant Deputy Chief Mills that this on-the-job harassing conduct toward women, especially young women, needed to stop. Unfortunately, Plaintiff was labeled a troublemaker for bringing this complaint forward, and was subsequently retaliated against, culminating in his termination on December 12, 2022.

24. The predatory and harassing behavior by Fire Department leaders toward women did not stop but rather became a well-known pattern and practice of Fire Department leaders. Fire Department leaders, including City of Calhoun Fire Department Defendant Deputy Chief Mills and City of Calhoun Fire Department Battalion Chief Roger Smith, used their position and authority to make inappropriate gestures and advances toward young women they interacted with in restaurants, in the City of Calhoun, or in public in general while on the job.

25. Firefighters have stated to Plaintiff that such harassing and predatory conduct is offensive and

makes them uncomfortable when they are present (during the course of their duties), and they know it does not represent the Fire Department or the City of Calhoun in the proper light.

26. Despite the foregoing, Defendant Chief Nesbitt continued to tolerate and condone this misconduct toward women by senior leaders on his staff. He would not address the misconduct, and such inaction sent the message to these leaders that their misconduct toward women was acceptable and they would be protected.

27. In August 2022, a female citizen of Calhoun (the "Complainant") contacted Plaintiff to share information about sexual misconduct by Roger Smith toward a 17-year-old female high school student.

28. The Complainant informed Plaintiff that Roger Smith's misconduct occurred at the Fire Station while other firefighters were present. The Complainant informed Plaintiff that Roger Smith was pursuing the 17-year-old high school student and that he was encouraging her to have sex with him at the Fire Station and stay overnight with him while other firefighters were present in the workplace.

29. The Complainant also alleged Roger Smith was making lewd, graphic, and vulgar comments to the 17-year old victim and touching her in a sexual manner while on Fire Department property, which could expose other employees to the sexual acts.

30. The Complainant further stated to Plaintiff that she had already shared these concerns with Defendant Deputy Chief Mills, who reported it to Defendant Chief Nesbitt and gave him text messages and audio recordings provided by the 17-year old victim to corroborate these claims; however, nothing was done.

31. On December 10, 2022, the Complainant provided to Plaintiff text messages and audio recordings provided by the 17-year old victim to corroborate these claims. The text messages

were crude and graphic and damaging to the reputation of the Fire Department and City of Calhoun.

32. These texts messages and audio recordings confirmed that Roger Smith met with the 17-year old female on Fire Department property, made comments to her of a sexual nature, and otherwise acted toward her in a sexually inappropriate manner.

33. The text messages from Roger Smith to the 17-year old female also confirmed that Roger Smith asked her to spend the night in the fire station with him to have sex while other firefighters were "piled up in the other room." Roger Smith texted to the 17-year old female that the other fire department employees would only hear them having sex "depending on how loud" she was.

34. The 17-year old female objected to Roger Smith's texts by stating that she was only 17 years-old and a virgin. Roger Smith, who upon information and belief is approximately 59 years old, informed the victim that the legal age of consent to have sexual intercourse is 16 in Georgia.

35. Roger Smith also sent the 17-year old female crude, sexual text messages about his "hose."

36. Additionally, Roger Smith requested that the 17-year old female send him "naughty" pictures.

37. Requesting nude pictures of the genitals of a person under 18-years old a felony in Georgia and under federal law.

38. Roger Smith's request to receive "naughty" pictures would have exposed Fire Department employees to illegal child pornography.

39. Roger Smith's sexual misconduct involved an abuse of state and city resources and was an abuse of authority.

40. On December 2, 2022, Plaintiff reported the specific allegations made by the Complainant of sexual harassment and sexual misconduct by Roger Smith to Defendant City Administrator

Worley, who was Defendant Chief Nesbitt's supervisor.

41. Plaintiff complained to Defendant City Administrator Worley because he was concerned for the other firefighters who were subject to the hostile work environment created by the Defendants. He was concerned for the young women who were treated as playthings, objectified, and manipulated. He was concerned for the citizens of City of Calhoun, Georgia, who may suffer due to the lack of focus and abuse of authority by the Defendants.

42. Plaintiff reported this matter to Defendant City Administrator Worley because the City's Non-Harassment Policy provides that a complaint of sexual harassment can be made to the supervisor, the personnel director or to the City Administrator.

43. The City's Non-Harassment Policy does not require employees to follow the chain of command and make reports of harassing conduct only to their immediate supervisor.

44. Additionally, Plaintiff had been informed by the Complainant that Defendant Chief Nesbitt was already aware of the sexual misconduct and it resulted in no action by the Fire Department or the City of Calhoun. Upon information and belief, Defendant Chief Nesbitt was already aware of harassing conduct by other Fire Department leaders and had failed to adequately address it due to his friendship with them.

45. Upon information and belief, Defendant Chief Nesbitt and Defendant City Administrator Worley became worried that the complaint by Plaintiff would become public knowledge and cause a scandal for the City of Calhoun and Fire Department. Therefore, they conspired to cover it up.

46. In an effort to prevent the matter from becoming public, on December 12, 2022, Plaintiff was fired by Defendants City Administrator Worley and Chief Nesbitt for reporting the sexual harassment and misconduct of Roger Smith.

47. During Plaintiff's termination meeting, Plaintiff attempted to provide to Defendants City Administrator Worley and Chief Nesbitt with all the text message evidence of the hostile work environment and sexual misconduct of Roger Smith; however, they refused to accept or even look at it. This response was designed to cover up the scandal, but not to ferret out the truth of the matters discussed in the meeting.

48. Plaintiff was forced to leave the building that day immediately following the meeting, and he left the printed copies of the text messages on his desk following his termination.

49. Plaintiff's termination was in retaliation for reporting a hostile work environment and sexual misconduct, even though Plaintiff reported in the manner exactly prescribed by the City's Non-Harassment Policy. The retaliatory termination of Plaintiff was in violation of federal and state law as set forth below.

50. Subsequent to Plaintiff's termination, City of Calhoun officials were forced to address Roger Smith's misconduct. The father of the 17-year old female called Defendant Chief Nesbitt and demanded that he address the misconduct toward and victimization of his daughter by Roger Smith.

51. The City of Calhoun determined that Roger Smith had, in fact, engaged in severe sexual misconduct, which establishes that the City of Calhoun was aware that the complaint made by Plaintiff of sexual misconduct by Roger Smith was true.

52. Roger Smith was given the option to resign or be terminated due to his misconduct. On December 20, 2022, Roger Smith elected to resign effective immediately.

53. Additionally, in late 2022, Defendant Chief Nesbitt became worried that the Fire Department's Shift A did not have enough training hours for 2022. This training deficiency would negatively impact the Fire Department's score in the ISO audit, which is closely monitored by the City of

Calhoun and insurance carriers and reported to the general public.

54. Plaintiff had raised this issue with Defendant Chief Nesbitt on at least seven occasions since the summer of 2022, because Shift A, which was managed by Roger Smith, refused to train in the summer heat.

55. Plaintiff believed it important to hold the training during the summer for numerous reasons, including because firefighters should be prepared to combat fires in all conditions and weather.

56. Just as Defendant Chief Nesbitt refused to address the severe sexual misconduct in the workplace by Roger Smith and Defendant Deputy Chief Mills, he refused to address the failure of Roger Smith to require his firefighters to attend training.

57. With the ISO audit about to take place in early January 2023, the Fire Department's Shift A did not have enough time to make up the training hours they had previously refused.

58. Therefore, Defendant Chief Nesbitt conspired with Defendant Deputy Chief Mills and Defendant City Administrator Worley and others to falsify the record of training hours so they could pass the ISO audit in January 2023. These actions defrauded the city and insurance carriers who rely upon their ISO audit scores.

59. It was essential to their conspiracy that Plaintiff be terminated and not reinstated because he was responsible for recording training hours and reporting them accurately to the auditors.

60. Defendants knew that Plaintiff would not allow the training records to be falsified and submitted to ISO auditors. In fact, Defendant Chief Nesbitt had requested Plaintiff falsify training records on a past occasion but Plaintiff had refused.

61. Defendant Chief Nesbitt and Defendant City Administrator Worley ensured that Plaintiff was terminated and not reinstated even though they knew the complaint of sexual harassment and misconduct raised by Plaintiff was true and despite knowing that Roger Smith had victimized

a young girl.

62. Upon information and belief, as a result of the foregoing, Defendant Chief Nesbitt, Defendant Deputy Chief Mills and Defendant City Administrator Worley were able to submit falsified training hours to the ISO auditor and the City of Calhoun received a positive ISO score.

63. Plaintiff appealed his termination on December 16, 2022. A hearing was held on Plaintiff's appeal on January 18, 2023. The text message evidence provided by Plaintiff was part of the evidence in the record and reviewable by the hearing examiner.

64. The hearing examiner denied Plaintiff's appeal and reaffirmed his retaliatory termination on March 2, 2023.

## FIRST CLAIM FOR RELIEF

### Discrimination and Harassment Based on Sex in Violation of Title VII, 42 U.S.C. § 2000e, *et seq.* (as to Defendant The City of Calhoun)

65. Plaintiff realleges each allegation contained in paragraphs one through sixty-four of this Complaint as if stated fully herein.

66. Plaintiff is an "employee" as that term is defined at 42 U.S.C. § 2000e(f).

67. Defendant City of Calhoun is an "employer" as that term is defined at 42 U.S.C. § 2000e(b).

68. Plaintiff exhausted his administrative remedies as provided by Title VII of the Civil Rights Act of 1964, by timely filing a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) relating to and arising out of the facts alleged herein. (EEOC Charge Number 410-2023-08338). The EEOC issued Plaintiff a Right-to-Sue notice on November 17, 2023, which permits to Plaintiff to file the instant action. (Ex. 1).

69. Plaintiff timely filed this action within ninety days of receiving the Right-to-Sue Notice.

70. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII") prohibits discrimination based on sex in employment.

71. Based on the above-described acts, pattern and practice, failure to act, and omissions, Defendant City of Calhoun engaged in unlawful discrimination under Title VII based on sex resulting in adverse impacts to the terms and conditions of employment and further subjecting Plaintiff and all other employees of the Fire Department to harassment and a hostile work environment due to sexual and graphic comments, sexual pursuit and degradation of numerous women, sexual texts, requests for sex, other sexual acts, and request for child pornography, as well as other conduct, in the workplace.

72. Defendant City of Calhoun's conduct was sufficiently severe or pervasive that a reasonable person would find Plaintiff's work environment to be hostile or abusive.

73. Defendant City of Calhoun knew or should have known of Roger Smith's conduct and failed to take prompt, remedial action to stop his conduct.

74. As such, Defendant City of Calhoun violated 42 U.S.C. § 2000e-2(a) and discriminated against Plaintiff and all other employees in the workplace by subjecting them to sufficiently severe or pervasive harassment based on sex so as to alter the conditions and terms of employment, but also by failing to act and condoning such harassment.

75. Plaintiff objected to and complained of the unlawful harassment. Plaintiff made the complaint as prescribed by the City of Calhoun Non-Harassment Policy.

76. Plaintiff was terminated for objecting to and complaining of the unlawful conduct, which Defendant City of Calhoun admitted in Plaintiff's termination letter.

77. The other reasons which Defendant City of Calhoun submitted for terminating Plaintiff were false and pretext for unlawful retaliation.

78. In unlawfully discriminating and retaliating against Plaintiff, Defendant City of Calhoun acted willfully, wantonly and/or with malice or with conscious and/or reckless indifference to

Plaintiff's equal rights under law, thereby necessitating the imposition of exemplary damages.

79. As a result of the above-described conduct, Plaintiff has suffered loss of income, emotional pain and suffering, embarrassment, and inconvenience. He is entitled to general and special damages, including front and back pay. Plaintiff is also entitled to and seeks his attorneys' fees and costs pursuant to 42 U.S.C. §2000e-5(k).

## SECOND CLAIM FOR RELIEF

### Retaliation in Violation of Title VII, 42 U.S.C. § 2000e, *et seq.*
### (as to Defendant City of Calhoun)

80. Plaintiff realleges each allegation contained in paragraphs one through seventy-nine of this Complaint as if stated fully herein.

81. Title VII, 42 U.S.C. § 2000e-3(a), states in relevant part that "[i]t shall be an unlawful employment practice for an employer ... to discriminate against any individual, ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this subchapter."

82. Plaintiff engaged in activity protected by Title VII on multiple occasions. Specifically, he opposed Defendant City of Calhoun's unlawful and discriminatory practices under Title VII by submitting a verbal complaint to Defendant City Administrator Worley most recently on December 2, 2022, and again on December 12, 2022, when Plaintiff attempted to provide further evidence of the unlawful and harassing conduct by Roger Smith.

83. Plaintiff had previously objected to Defendant Deputy Chief Mills's harassing behavior toward young women in front of Fire Department personnel, which was also protected activity under Title VII.

84. Plaintiff's opposition and complaints regarding Defendants' illegal practices were protected

activities within the meaning of 42 U.S.C. § 2000e, *et seq.*

85. Defendant City of Calhoun unlawfully retaliated against Plaintiff by terminating him for making complaints of sexual harassment. Plaintiff made the complaint as prescribed by the City of Calhoun Non-Harassment Policy. In doing so, Defendant City of Calhoun failed to follow its own policies regarding reporting and handling complaints of harassment.

86. A casual connection exists between Plaintiff's protected activities and Defendant City of Calhoun's unlawful retaliation.

87. Defendant City of Calhoun's termination letter to Plaintiff informed him he was terminated for raising the complaint of sexual harassment by Roger Smith to Defendant City Administrator Worley, even though the City of Calhoun's Non-Harassment Policy establishes that it was an appropriate way to report concerns of harassment.

88. Defendant City of Calhoun's termination letter insisted Plaintiff was only allowed to report concerns of sexual harassment to his supervisor, Defendant Chief Nesbitt, the very person who was already aware of the misconduct and who had previously condoned and protected others who engaged in similar misconduct.

89. Such a requirement that Plaintiff only report sexual harassment complaints to his supervisor Defendant Chief Nesbitt would allow Defendant Chief Nesbitt to silence and cover-up complaints of a serious nature and permit Defendant Chief Nesbitt to continue to protect City of Calhoun officials' well-established and ongoing mistreatment of women, particularly young women with less power.

90. In unlawfully discriminating and retaliating against Plaintiff, Defendant City of Calhoun acted willfully, wantonly, and/or with malice or with conscious and/or reckless indifference to Plaintiff's equal rights under law, thereby necessitating the imposition of exemplary damages.

91. As a result of this retaliatory conduct, Plaintiff has suffered loss of income, emotional pain and suffering, embarrassment, and inconvenience and he is entitled to general and special damages, including front and back pay.  Plaintiff is also entitled to and seeks his attorneys' fees and costs pursuant to 42 U.S.C. §2000e-5(k).

### THIRD CLAIM FOR RELIEF

**Violation of First and Fourteenth Amendments to the Constitution and under 42 U.S.C. § 1983 (as to Defendants City of Calhoun, Chief Nesbitt, and City Administrator Worley)**

92. Plaintiff realleges each allegation contained in paragraphs one through ninety-one of this Complaint as if stated fully herein.

93. Defendants City of Calhoun, Chief Nesbitt and City Administrator Worley at all times relevant to this action were acting under color of state law.

94. Defendants City of Calhoun, Chief Nesbitt, and City Administrator Worley unlawfully infringed upon Plaintiff's ability to speak on a matter of public concern and denied him equal protection of the laws when they terminated him in retaliation for protected speech in violation of the First and Fourteenth Amendment to the Constitution of the United States.

95. At all times relevant hereto, these Defendants acted pursuant to a policy or custom of Defendant City of Calhoun which allowed officials of the City of Calhoun to engage in sexual harassment and sexual misconduct, abuse their authority for personal gratification or gain, neglect their duties, silence complaints and cover up malfeasance.

96. Defendant City of Calhoun failed to adopt clear policies and failed to properly train its leaders on preventing sexual harassment & sexual misconduct, the criminal laws regarding child pornography, abuse of authority, neglect of duties, and the proper mechanisms for employees and citizens to raise complaints without retaliation.

97. These Defendants' unlawful and unconstitutional actions were ratified when the Defendant City

of Calhoun denied Plaintiff's appeal of his unlawful termination.

98. Defendant City of Calhoun's policy or custom, its failure to adopt clear policies, its failure to properly train its leaders, and its ratification of the Plaintiff's unlawful termination, were a direct and proximate cause of the constitutional deprivation suffered by Plaintiff.

99. As a result of these Defendants' conduct, Plaintiff has suffered loss of income, emotional pain and suffering, embarrassment, and inconvenience and he is entitled a judgment for compensatory damages in an amount to be determined at trial, plus reasonable attorney fees pursuant to 42 U.S.C. § 1988, against these Defendants.

## FOURTH CLAIM FOR RELIEF

**Violation of the Georgia Whistleblower Act, O.C.G.A. § 45-1-4 (as to Defendants City of Calhoun, Chief Nesbitt, and City Administrator Worley)**

100. Plaintiff realleges each allegation contained in paragraphs one through ninety-nine of this Complaint as if stated fully herein.

101. In reporting to Defendants City of Calhoun, Chief Nesbitt and City Administrator Worley the tortious, illegal and wrongful conduct of Roger Smith which took place at the workplace and which was likely to substantially damage the City of Calhoun's reputation and standing in the community, Plaintiff was reporting the existence of fraud, waste and abuse relating to the City of Calhoun and its programs.

102. These Defendants' termination of Plaintiff was in retaliation for his disclosure of Roger Smith's actions and noncompliance with the laws, rules and regulations of the City of Calhoun and this State. Plaintiff made the complaint as prescribed by the City of Calhoun Non-Harassment Policy.

103. As a result of these Defendants' retaliatory conduct, Plaintiff has suffered loss of income, emotional pain and suffering, embarrassment, and inconvenience and he is entitled to general

and special damages, including front and back pay.  Plaintiff is also entitled to and seeks his attorneys' fees and costs, all pursuant to O.C.G.A. § 45-1-4.

## FIFTH CLAIM FOR RELIEF

**Civil Conspiracy (as to Defendants Chief Nesbitt, City Administrator Worley and Deputy Chief Mills)**

104. Plaintiff realleges each allegation contained in paragraphs one through one hundred three of this Complaint as if stated fully herein.

105. Defendant Chief Nesbitt and Defendant City Administrator Worley, acting in concert, engaged in conduct that constitutes a tort, specifically the coverup of Roger Smith's criminal sexual misconduct toward an underage girl.

106. It was essential to their conspiracy that Plaintiff be terminated on pretextual grounds and not reinstated because he had reported Roger Smith's criminal sexual misconduct pursuant to the City of Calhoun's Anti-Harassment Policy.

107. Defendant Chief Nesbitt and Defendant City Administrator Worley, acting in concert, engaged in conduct that constitutes a tort, specifically the illegal and retaliatory termination of Plaintiff for reporting Roger Smith's sexual misconduct toward an underage girl.

108. Defendant Chief Nesbitt, Defendant City Administrator Worley, and Defendant Deputy Chief Mills, acting in concert, engaged in conduct that constitutes a tort, specifically the falsification of records related to the Fire Department's training so the Fire Department could pass the ISO audit in January 2023.

109. It was essential to their conspiracy that Plaintiff be terminated and not reinstated because he was responsible for recording training hours and reporting them accurately to the auditors.

110. Accordingly, at least two of the named Defendants have engaged in a civil conspiracy, thereby entitling Plaintiff to recover damages from them.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor against Defendants and order the following relief as allowed by law:

a) That this matter by tried by jury on all issues so triable and thereafter judgment entered in Plaintiff's favor and against Defendants;

b) That the Court award general damages in favor of Plaintiff, including but not limited to those for emotional distress, inconvenience, and mental anguish;

c) That the Court award special damages in favor of Plaintiff, including but not limited to back pay and benefits and front pay and benefits;

d) That the Court award punitive / exemplary damages in favor of Plaintiff to the full extent authorized by law;

e) That the Court award attorney's fees and costs of this action to the full extent authorized by law;

f) That the Court award post-judgment interest at the highest rate authorized by law;

g) That the Court award such further relief as the Court deems just and proper.

Respectfully submitted this 30th day of November, 2023.

OLIVER MANER LLP

P. O. Box 10186
Savannah, GA 31412
Phone: (912) 236-3311
Fax: (912) 236-8725
ghodges@olivermaner.com
bhunter@olivermaner.com
blingle@olivermaner.com

/s/ R. Benjamin Lingle
I. GREGORY HODGES
Georgia Bar No. 358925
WILLIAM J. HUNTER
Georgia Bar No. 141288
R. BENJAMIN LINGLE
Georgia Bar No. 390252
*Attorneys for Plaintiff*

THE HAWKINS FIRM, LLC

235 Peachtree Street, NE, Ste. 400
Atlanta, GA 30303
Phone: (404) 334-9970
Fax: (404) 334-9940
trisha@hawkinsfrim.com

/s/ Trisha Earls
TRISHA EARLS
Georgia Bar No. 472755
*Attorney for Plaintiff*